IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY G. TACKETT,

                Plaintiff,

   v.

JON LITSCHER, CATHY JESS, PAUL KEMPER,
L. BARTOW, L. ALSUM, E. DAVIDSON,          OPINION & ORDER
L. LEBLANC, RANDALL HEPP, J. ALDANA,
M. SCHOMISCH, G. BORNICK, KEIN KREMBS,      18-cv-224-jdp
GREG BURMEISTER, GWEN HODGES,
KRISTEN VASQUEZ, CANDICE WHITMAN,
LAURA FRAZIER, JESSICA BASSUENER, and
MS. LYYSKI,

                Defendants.

---

      Pro se plaintiff Timothy G. Tackett is an inmate in the custody of the Wisconsin Department of Corrections (DOC) currently incarcerated at the Fox Lake Correctional Institution (FLCI). He brings his civil complaint under 42 U.S.C. § 1983 alleging that defendants, DOC officials, failed to respond adequately to his medical needs. Tackett has paid the initial partial filing fee for this action as ordered by the court.

      The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). After reviewing Tackett's filings with these principles in mind, I conclude that he has failed to state a claim against defendants. But I will allow him an opportunity to file an amended complaint

clarifying the individual defendants' roles in the events underlying the suit. I will deny his motion for assistance in recruiting counsel without prejudice to his renewing it later in litigation, if I allow him to proceed on any claims and he shows that he cannot litigate the case by himself.

ALLEGATIONS OF FACT

Tackett has filed a complaint, Dkt. 1, an amended complaint, Dkt. 11, and a motion for leave to file a second amended complaint, Dkt. 20, which lists specific changes and additions with which he would like to supplement his amended complaint. I will grant his motion to supplement. I will consider the amended complaint and supplement to be the operative pleading from which I will draw the following facts. I accept these facts as true at the screening stage.

Sometime in 2015, Tackett injured his foot while he was housed at the Racine Correctional Institution (RCI). The injury caused him severe, long-lasting pain. He requested treatment through RCI's Health Services Unit. On April 7, 2016, he was seen by an orthopedic surgeon, Matthew Larson, who recommended that Tackett try custom orthotics. (Larson is not named as a defendant.) Larson scheduled a follow-up appointment in three months, explaining that if the orthotics didn't address Tackett's chronic pain, surgery may be necessary. Tackett received custom orthotics five months later. The orthotics were to be worn with Tackett's New Balance tennis shoes. The follow-up appointment never occurred, despite Tackett's repeated complaints.

On June 6, 2017, Tackett was transferred to FLCI, where he continued to complain about his foot pain. Upon transfer, defendant Ms. Lyyski, the FLCI property manager,

confiscated Tackett's New Balance tennis shoes because they were torn and therefore could be used to hide contraband. "Health services" has refused to provide Tackett with new New Balance tennis shoes. *Id.* ¶ 71.

On September 20, Tackett was seen by another orthopedist, Robert Bertram (who is not named as a defendant). Bertram diagnosed Tackett with chronic pain, permanent nerve damage, and fungus. Bertram scheduled an MRI and surgery, which was "to be completed within 4 weeks." Dkt. 11, ¶ 47. He also prescribed Tackett a topical antifungal medication. But Nurse Pulda (who is not named as a defendant) refused to allow Tackett the antifungal medication. In late October, Tackett began complaining that he hadn't received the surgery yet. He submitted several grievances about the delay in medical care.

On November 7, Bertram performed the surgery. After the surgery, Tackett was not given his pain medication as often as Bertram had prescribed. He complained about this to defendants G. Bornick and L. LeBlanc, both FLCI correctional supervisors, and although they sympathized with Tackett, they refused to give Tackett pain medication as ordered by Bertram. On November 20, Tackett filed a grievance about his pain medication. It was denied.

In December, Tackett was seen again by Bertram. Bertram explained that at some point "later in life," Tackett would need to have one of his toes amputated "due to ongoing problems caused by the accident and the lack of treatment in the early stages following the injury." *Id.* ¶¶ 68–69.

Tackett's foot "is now permanently disfigured, scarred and has permanent loss of feeling in 2 of 5 toes." *Id.* ¶ 40. He continues to suffer from severe pain.

ANALYSIS

Tackett wishes to bring claims under the Eighth Amendment against all of the defendants regarding the delay in health care.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a deliberate indifference claim, Tackett must allege that each defendant was aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A serious medical need is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). Delay in treatment may constitute deliberate indifference if the delay unnecessarily prolongs the prisoner's pain. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Here, Tackett alleges that the surgery ordered by Dr. Larson was significantly delayed, causing Tackett additional pain and the need for additional surgery. But the details of each defendant's involvement are unclear. Tackett has not alleged how the individuals named as defendants in this suit are "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Tackett alleges that he "continued to ask for the follow up medical care," Dkt. 11, ¶ 34, but he doesn't explain *who* he asked. And he alleges generally that he "complained to any and all prison staff that would listen, including 'ALL' of the defendant(s)," *id.* ¶ 35, about his pain, but he doesn't explain when he did so.

Tackett's few specific allegations against individual defendants fail to state a claim. He alleges that he wrote to defendant Kristen Vasquez, the RCI health services manager, on October 4, 2015, April 3, 2016, and May 30, 2016. This allegation is sufficiently specific to

4

raise the inference that Vasquez was aware of Tackett's medical need, but the timing does not suggest deliberate indifference on Vasquez's part: two of the three letters were written before Tackett met with Dr. Larson, and the third letter was written soon after, before the follow-up appointment was scheduled to occur. So Vasquez would have no reason to suspect that Tackett wasn't receiving the medical services ordered by Dr. Larson.

Tackett also alleges that Lyyski confiscated his New Balance tennis shoes, but he does not allege that Lyyski, the property manager, was aware of Tackett's medical need for those shoes. And regardless, it isn't the confiscation of a particular pair of shoes that Tackett takes issue with; rather, it's the refusal to provide him with a replacement pair. Tackett only alleges that "health services" is to blame for that. Without more details about precisely who he asked for a replacement pair and what they did in response, Tackett does not state a claim concerning the New Balance shoes.

As for Bornick and LeBlanc, Tackett alleges that they refused to give him his pain medication at the times that Dr. Bertram prescribed, but he doesn't allege that they were in a position to provide him with the medication. He alleges that they are correctional officers, not medical personnel. So he does not state a claim against them.

I will dismiss Tackett's claims for failure to comply with Federal Rule of Civil Procedure 8, which requires a plaintiff to include in his complaint "a short and plain statement of the claim showing that [he] is entitled to relief." I will allow him an opportunity to amend his complaint to explain specifically what *each* defendant knew about his medical condition, when they learned of it, and what they did (or did not do) to address his chronic pain. If he chooses to amend his complaint, he must file an entirely new complaint that replaces his original complaint. He need not cite laws; he need only describe what each named defendant did.

5

Finally, Tackett moves for appointment of counsel. Dkt. 4. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent pro se plaintiffs in civil matters. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that pro se plaintiffs: (1) provide the names and addresses of at least three lawyers who decline to represent them in the case; and (2) demonstrate that theirs is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds their demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Tackett identifies three attorneys or law firms that he has contacted about representation, so he satisfies the first requirement. But he has not shown that he lacks the ability to litigate his claims. Many of his arguments in favor of counsel—that the case involves multiple defendants, complex medical issues, and conflicting testimony—assume that he will be allowed to proceed on all of his claims. But it's not yet clear what claims he may proceed on, if any. At the screening stage, all Tackett needs to do is explain what happened to him—he doesn't need a lawyer to assist him with that task. Tackett also argues that he has no legal education, limited access to the law library, and limited resources for investigating his claims. Unfortunately, many pro se litigants face these difficulties, and they are not alone reasons to assist in recruiting counsel. And again, Tackett does not need to perform legal research or conduct discovery at this point; he only needs to clearly state what happened to him so that I may determine whether his allegations state a claim under federal law. Should the case pass the screening stage, and should Tackett continue to believe that he is unable to litigate the suit

himself, then he may renew his motion. If he does so, he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy G. Tackett's motion for leave to supplement his amended complaint, Dkt. 20, is GRANTED.

2. Plaintiff's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until September 4, 2018, to file an amended complaint that provides a short and plain statement of a claim against each defendant. If plaintiff submits an amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to prosecute.

4. Plaintiff's motion for assistance in recruiting counsel, Dkt. 4, is DENIED without prejudice.

Entered August 14, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge